**George T. Holler**
Holler Law Firm, LLC
31 Cherry Street, Suite 109
Milford, CT 06460
t: (203) 301-4333
f: (203) 306-3113
CT 27371
georgeh@hollerlawfirm.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
COURT FILE NO.:

| | |
|---|---|
| **Frank Gaetano** ) | **COMPLAINT** |
| **Janet Gaetano** ) | |
| **Richard Gaetano** ) | |
|  ) | |
|     Plaintiffs. ) | **JURY TRIAL DEMANDED** |
|  ) | |
|  ) | |
| vs. ) | |
|  ) | |
| **Law Offices Howard Lee Schiff, P.C.** ) | |
|  ) | |
|     Defendant. ) | |

## JURISDICTION

1. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and out of the invasions of Plaintiffs' personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from the Plaintiff, Richard Gaetano.

3. Venue lies in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Frank Gaetano (Plaintiff) is a resident of the full age of majority, domiciled at 234 Old Hawleyville Road in the Town of Bethel, County of Fairfield, and State of Connecticut and is a "person other than a consumer" with whom the Defendant has communicated as that phrase is understood under 15 U.S.C. §1692b and with respect to whom the Defendant violated 15 U.S.C. §1692b (2), 15 U.S.C. §1692d(5) and 15 U.S.C. §1692c(a)(1). The Plaintiff has lived at this address at all times relevant to the facts herein.

5. Plaintiff, Janet Gaetano (Plaintiff) is a resident of the full age of majority, domiciled at 234 Old Hawleyville Road in the Town of Bethel, County of Fairfield, and State of Connecticut and is a "person other than a consumer" with whom the Defendant has communicated as that phrase is understood under 15 U.S.C. §1692b and with respect to whom the Defendant violated 15 U.S.C. §1692b (2), 15 U.S.C. §1692d(5) and 15 U.S.C. §1692c(a)(1). The Plaintiff has lived at this address at all times relevant to the facts herein.

6. Plaintiff, Richard Gaetano (Plaintiff) is a resident of the full age of majority, domiciled at 41 Eagle Rock Hill Road in the Town of Bethel, County of Fairfield, and State of Connecticut and is a "consumer" as defined under 15 U.S.C. §1692a(3). The Plaintiff has lived at this address at all times relevant to the facts herein.

7. The defendant in this case, Law Offices Howard Lee Schiff, P.C. (hereinafter "Defendant" or "HLS"), is a professional corporation incorporated in the State of Connecticut, having a principal place of business at 510 Tolland Street, East Hartford, Connecticut 06128, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8. In or around 2006, Chase Bank N.A. (hereinafter "Chase") offered and the Plaintiff, Richard Gaetano, accepted a revolving line of credit whereby Chase would make available to the Plaintiff up to approximately $9,000.00 in credit accessible through a credit card.

9. Over the course of the next several years, the Plaintiff, Richard Gaetano, used the credit card to purchase consumer goods like food, clothing, gifts for family members and other miscellaneous household items. At no point did the Plaintiff ever use the credit card for business purposes.

10. In using the credit card, the Plaintiff agreed to be obligated to Chase to repay the amounts borrowed plus interest as described in the revolving line of credit agreement (such sum hereinafter referred to as "the Debt" or "Debt").

11. On information and belief, at some point before January 2010, Chase sold the debt to Midland Funding, LLC (hereinafter "Midland").

12. On information and belief, Midland assigned the debt to the Defendant, Law Offices Howard Lee Schiff, for collection.

13. On January 8, 2010, at 1:12 pm the Defendant called the Plaintiffs, Frank Gaetano and Janet Gaetano, at their home (hereinafter "the first call"). The Plaintiffs

were not home and did not answer the call. The Defendant left a message on their answering machine that stated "This message is for Richard Gaetano. If you are not Richard Gaetano, please hang up now. This is an attempt to collect a debt and any information will be used for that purpose." The message further indicated that it was from Law Offices of Howard Lee Schiff. The entire call lasted 45 seconds.

14. On January 15, 2011 at 1:46 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

15. On January 22, 2011 at 12:45 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

16. On January 25, 2011 at 2:31 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano. This call lasted 13 seconds.

17. On Saturday, February 5, 2011 at 10:08 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

18. On Saturday, February 12, 2011 at 10:58 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

19. On Saturday, February 19, 2011 at 9:38 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

20. On Saturday, February 26, 2011 at 9:57 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

21. On Saturday, March 5, 2011 at 9:27 pm the Defendant again called the Plaintiffs, Frank Gaetano and Janet Gaetano, leaving a substantially similar message as the first call. This call also lasted 45 seconds.

22. On information and belief the Defendant called the Plaintiffs, Frank Gaetano and Janet Gaetano multiple times in addition to the calls described above during the time between the first call and the call on March 5, 2011.

23. When the Plaintiffs Frank and Janet Gaetano arrived home from work on the night of January 8, 2011, Janet pressed the button on their answering machine to listen to their messages. The machine broadcasts the messages throughout the room so Janet usually hits play and then goes about her normal routine in preparing for dinner while the messages play.

24. When the message from the first call played, both her and Frank heard the entire message. At that point they both thought that their son Richard was in trouble.

25. Janet became very upset. Frank's first reaction was "Now what?" Janet thought "Why are they calling here?"

26. Janet called Richard after dinner to tell him that the Defendant was calling for him. She wanted to know whether he was in trouble.

27. Richard was embarrassed when he received his mother's call that night. He told her that he could not pay the bill just right then, but that it was illegal for the Defendant to be calling her.

28. The fact that Richard did not have enough money to pay the debt caused Janet more anxiety.

29. Frank took the first call in stride thinking that Richard would handle the situation and that all would be well.

30. However, as the calls continued to come in over the next two months, Frank became more and more distraught. He works as a project manager under extremely stressful conditions. When he comes home from work it generally takes him quite a bit of time to unwind and relax. Frank's health has been bad, and he was having heart problems during this time. On top of that Frank and Janet lost two dogs during these months. They had been very close to their pets.

31. Janet also was suffering from anxiety at this time.

32. As the calls continued to come in Frank was tempted to pick up the phone and scream at the Defendant's representatives telling them to stop calling him. Janet would tell him to ignore the calls, and that Richard would deal with it when he could, but that would make Frank even angrier. Often Frank and Janet would fight over these phone calls. The stress of the calls caused Frank to lose sleep. He also developed a bacterial infection in his colon and suffered from uncontrollable diarrhea.

33. Janet also lost sleep and often ended up fighting with her son Richard over these calls. These disputes caused her anxiety and made her feel nauseous. She became more and more fearful for Richard's well-being. The financial difficulties he had gone through since 2008 had caused severe stress in his marriage and Janet worried that her three grandchildren would suffer if Richard got divorced.

34. Meanwhile, Richard was dealing with stress of his own. The disclosure of this problem to his parents had caused real trouble in his marriage. Often Janet would call for him to let him know that the Defendant had called again, at which time Richard would out at work. When this happened, Janet would pour out all of her frustration on Richard's wife Clarissa.

35. When Richard would arrive home his wife would be very angry that his parents knew their personal financial information. There was rising tension between Richard's wife and mother, which caused Richard great stress. He knew that he did not have enough money to pay the debt, but he worried because the Defendant would not leave his parents alone.

36. Richard also suffered from many sleepless nights because of this stress. He was angry and distracted at home, often taking his frustration out on his wife and three young children. Richard felt great shame and embarrassment that he could not provide for his family.

37. The communication with the Plaintiffs Frank and Janet Gaetano by the Defendant on January 8th, January 15th, January 22nd, February 5th, February 12th, February 19th, February 26th, and March 5th, during which the Defendant

disclosed to the Plaintiffs, Frank and Janet Gaetano, that Plaintiff, Richard Gaetano, owed a debt constituted an unlawful disclosure to a third party prohibited by 15 U.S.C. §§ 1692b(2), thereby violating the FDCPA.

38. The communication with the Plaintiffs Frank and Janet Gaetano on February 5th, February 12th, February 19th, February 26th and March 5th, 2011 occurred after 9:00 pm and accordingly constituted prohibited communications in violation of 15 U.S.C. §§ 1692c(a)(1), thereby violating the FDCPA.

39. The high volume of calls which the Defendant made to the Plaintiffs Frank and Janet Gaetano during January, February and March of 2011, including but not limited to the phone calls specifically described above, together with the timing of those calls, constituted abuse and harassment in violation of 15 U.S.C. §§ 1692d(5), thereby violating the FDCPA.

40. The communications described herein constituted an invasion of the Plaintiffs privacy by intrusion upon seclusion.

## TRIAL BY JURY

41. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend 7. Fed R. Civ. Pro. 38.

*Respondeat Superior Liability*

42. The acts and omissions of the individual collectors who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Law Offices Howard Lee Schiff.

43. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

44. By committing these acts and omissions against Plaintiffs, these individual collectors were motivated to benefit their principal, Defendant.

45. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Connecticut law, in their attempts to collect this debt from Plaintiff Richard Gaetano.

## TRIAL BY JURY

46. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

47. As a result of the Defendant's actions, the Defendant is liable to the Plaintiffs for damages, attorney's fees and costs.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 *et seq.*

48. Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiffs.

50. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

51. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

53. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

10

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

54. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiffs, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiffs' privacy.

55. Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiffs' rights to privacy.

56. The Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

57. The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against these Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

58. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiffs; and

- for such other and further relief as may be just and proper.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages against Defendant and for Plaintiffs;

- for such other and further relief as may be just and proper.

Dated this the 26 day of December, 2011.

Respectfully Submitted—Frank Gaetano, Janet Gaetano and Richard Gaetano

BY: /s/ George T. Holler
George T. Holler
Their attorney
31 Cherry Street, Suite 109
Milford, Connecticut 06460
Tel: (203) 301-4333
Fax: (203) 306-3113
CT 27371
georgeh@hollerlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CONNECTICUT      )
                          ) ss: MILFORD
COUNTY OF NEW HAVEN       )

Plaintiffs, Frank Gaetano, Janet Gaetano and Richard Gaetano, having first been duly sworn and upon oath, depose and say as follows:

1. We are the Plaintiffs in this civil proceeding.
2. We have read the above-entitled civil Complaint prepared by our attorney and we believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. We believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. We believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. We have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit we have provided to our attorney which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorney where appropriate, we have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of our own handwritten notations.

_____
Frank Gaetano

_____
Janet Gaetano

_____
Richard Gaetano

Ruth R Bertram

Subscribed and sworn to before me, ~~George T. Holler~~, this 26 day of December, 2011.

_____
~~George T. Holler~~
~~Commissioner of the Superior Court~~

Ruth R Bertram
Notary    My Commission Expires
          June 30, 2013

13